Anthony J. Nunes (SBN 290224)
Nunes Worker Rights Law, APC
15260 Ventura Blvd, Suite 1200
Sherman Oaks, CA 91403
Telephone: 530-848-1515
Fax: 424-252-4301
tony@nunesworkerrightslaw.com

Attorneys for Plaintiffs JESUS GUTIERREZ, KOJI SAKUGAWA, on behalf of themselves and all others similarly situated

## UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GUTIERREZ and KOJI SAKUGAWA, on behalf of themselves, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DOWNEY RESTAURANT GROUP, INC., and BUENA PARK RESTAURANT GROUP INC., California corporations, doing business as GAUCHO GRILL, and DOES 1-10,<br><br>Defendants. | Case No. 2:20-CV-08370<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wage<br>2. Collective Action - Violation of the Fair Labor Standards Act ("FLSA," 29 U.S.C. 201, et seq.)<br>3. Failure to Provide Meal Periods<br>4. Failure to Provide Paid Rest Breaks<br>5. Failure to Pay All Wages at Termination (Labor Code Section 201-203)<br>6. Failure to Provide Accurate Wage Statements<br>7. Unfair Business Practices (Business & Practices Section 17200)<br>8. Violation of Labor Code Section 2699 (PAGA)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs JESUS GUTIERREZ and KOJI SAKUGAWA ("Plaintiffs")

allege, on behalf of themselves and on behalf of all others similarly situated,

causes of action against Defendants, each of them, as follows:

## I.

## <u>INTRODUCTION</u>

1.     This is an action brought on behalf of current and former employees

for DOWNEY RESTAURANT GROUP, INC., and BUENA PARK

RESTAURANT GROUP INC., (hereinafter "Defendants" or "Gaucho Grill").

2.     Plaintiff JESUS GUTIERREZ (hereinafter "Plaintiff Gutierrez") is a

former server for "Gaucho Grill" in California.

3.     Plaintiff KOJI SAKUGAWA (hereinafter "Plaintiff Sakugawa") is a

former server for "Gaucho Grill" in California.

4.     Defendants violated of the U.S. Fair Labor Standards Act,

California's Labor Code, and California Industrial Welfare Commission ("IWC")

Wage Order No. 9-2001, as amended ("Wage Order No. 9") which include:

     a.     Failing to pay its employees premium wages for missed meal
         periods;

     b.     Failing to pay its employees premium wages for missed rest
         periods;

      c.      Failing to pay its employees minimum wage as required by California law for every hour worked;

      d.      Failing to maintain accurate employment records for its employees in California; and

      e.      Failing to pay its employees amounts owed at the end of employment.

5.      Plaintiffs, on behalf of themselves and the proposed class and subclasses, seek unpaid wages, and penalties for federal and California Labor Code violations.

## II.

## <u>JURISDICTION</u>

6.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 206(a)(1).

7.      Federal jurisdiction is proper due to Defendants' violations of the minimum wage provision of the U.S. Fair Labor Standards Act.  29 U.S.C. § 206(a)(1).  As described herein, Plaintiffs allege Defendants failed to pay any wages for frequent off-the-clock or non-clocked work hours.

8.      Plaintiffs allege that Defendants systematically violate the Fair Labor Standards Act by failing to provide Plaintiffs and other class members minimum wage for all hours worked.

9.     Venue lies within the Central California District because Defendant DOWNEY RESTAURANT GROUP, INC., and Defendant BUENA PARK RESTAURANT GROUP INC., are headquartered in the Central District.

### III.

### <u>PARTIES</u>

**<u>Plaintiffs</u>**

10.     Plaintiff Gutierrez is a resident of Los Angeles County, California. At all relevant times herein, Plaintiff Gutierrez was employed by Defendants in Los Angeles County, California, as a non-exempt server.

11.     Plaintiff Sakugawa is a resident of Los Angeles County, California. At all relevant times herein, Plaintiff Sakugawa was employed by Defendants in Los Angeles County, California, as a non-exempt server.

12.     Plaintiff Gutierrez and Plaintiff Sakugawa were both trained at the Defendants' Gaucho Grill restaurant in Downey, California.  Once trained by Defendants, Plaintiffs both primarily worked at Defendants' Gaucho Grill in West Covina, California.

**<u>Defendants</u>**

13.     Plaintiffs allege on information and belief that Defendant DOWNEY RESTAURANT GROUP, INC., owns and operates Gaucho Grill, and does business as "Gaucho Grill" in Downey, California.

14.     Plaintiffs allege on information and belief that Defendant BUENA PARK RESTAURANT GROUP INC., owns and operates Gaucho Grill, and does business as "Gaucho Grill" in West Covina and Buena Park, California.

15.     Plaintiffs allege on information and belief that Defendants operate as a joint employer and issue uniform policies and procedures for all servers and other class members working for "Gaucho Grill" in Downey, West Covina, and Buena Park, California.

16.     Plaintiffs are informed and believe, and thereon allege that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and the other class members, and exercised control over the wages, hours, and working conditions of Plaintiffs and the other class members.

17.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

18.     Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the putative class.  Plaintiff is informed and believes and thereon alleges that at all times relevant to this action, the named Defendants

and Defendants DOES 1 through 10 were affiliated, and were an integrated enterprise.

19.     Plaintiffs are informed and believe, and thereon allege that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.

20.     Plaintiffs are informed and believe, and thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

21.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names.  Plaintiffs are informed and believe, and based thereon

allege, that Defendants designated herein as DOE(S) are legally responsible in some manner for the unlawful acts referred to herein.

22.     Plaintiffs will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOE(S) when such identities become known.

### IV.
### GENERAL ALLEGATIONS

23.     Plaintiff Gutierrez worked as a server for Defendants from approximately October 2019 to March 2020 in West Covina, California.

24.     Plaintiff Sakugawa worked as a server for Defendants from approximately March 2018 to March 2020 in West Covina, California.

25.     Plaintiffs were both trained at the Defendants' Gaucho Grill restaurant in Downey, California, but primarily worked at Defendants' Gaucho Grill in West Covina, California.

26.     Plaintiffs allege that Defendants' corporate policies, procedures, and uniform understaffing, were either written or institutionalized into each Defendants' labor practices, such that Plaintiffs and the class they seek to represent were not able to, or permitted to, take timely rest breaks or lunch periods, pursuant to the Labor Code, Industrial Welfare Commission Wage Order 5-2001, and other applicable Wage Orders.

27.    Defendants encouraged or guided Plaintiffs and other members of the purported class to take early or late breaks or skip breaks to avoid having employees on breaks during the restaurants' busy evening shifts and Defendants did not let employees cover for other employees on breaks.  This uniform policy was at the expense of Plaintiffs' right to be able to take breaks at legally permissible time (even if during busy times) in Defendants' restaurants.

28.    Plaintiff Gutierrez was originally properly classified as a W2 employee, but alleges he was switched to being paid as a 1099 independent contractor.

29.    Plaintiff Gutierrez did not have the enough control or discretion over his job performance to warrant being classified as independent contractors. Defendants exercise predominate control over Plaintiff.  By virtue of this misclassification, Plaintiff Gutierrez did not receive the proper legal benefits due to employees under California law.

30.    In an effort to avoid providing its servers with the benefits and protections afforded to employees in California, Defendants willfully and uniformly misclassified Plaintiff Gutierrez as an independent contractor.

31.    Plaintiffs allege Defendants implemented and maintained a company-wide policy to pay non-exempt employees less than the applicable minimum wage, including failing to pay including servers for all hours worked.

Defendants were aware of the fact that under their system, Plaintiffs regularly worked unpaid hours and/or worked for compensation at less than the applicable minimum wage

32. Plaintiffs allege Defendants also failed to provide overtime wages earned for all hours worked by Plaintiffs in excess of eight hours per day and/or forty hours per week. Where overtime compensation was received at all, it was for fewer than all overtime hours worked and was paid at less than the amount required by California law.

33. Plaintiffs allege that in order to meet Defendants' workload requirement, they typically worked through both meal periods and rest breaks.

34. Plaintiffs allege Defendants also failed to provide Plaintiffs with all the required meal periods when they worked more than five hours in a day; and Defendants failed to pay Plaintiffs a one-hour premium wage in lieu thereof.

35. Plaintiffs allege Defendants failed to provide Plaintiffs with timely and accurate wage and hour statements.

36. Plaintiffs allege Defendants did not maintain adequate records pertaining to when Plaintiffs began and finished each work period; meal/rest breaks; hours worked per day; hours worked per pay period; and applicable rates of pay for all regular hours and overtime.

37.     Plaintiffs allege that Defendants have maintained and continue to maintain uniform practices and procedures which are in inconsistent with state and federal law.

38.     Plaintiffs allege that Defendants engage in uniform policies and conduct, as alleged herein resulting in violations of Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 1194, and 2750.5.

39.     Plaintiffs bring this action pursuant to Business and Professions Code §§ 17200-17208, seeking injunctive relief and restitution of all benefits obtained by Defendants by engaging in the unlawful conduct complained herein.

40.     On June 12, 2020, per California Labor Code § 226, Plaintiffs' counsel served by Certified U.S. Mail a request for Plaintiff Gutierrez's employment records on Defendants' West Covina restaurant location, and also served a misidentified registered agent for a business with a similar name as Defendants.

41.     On June 16, 2020, Plaintiff Gutierrez filed a Notice of Private Attorney General Act ("PAGA") claim with the California Labor and Workforce Development Agency (LWDA) and served by Certified U.S. Mail on Defendants' West Covina restaurant location.

42. After additional research, Plaintiff's counsel was able to correctly identify Defendants as DOWNEY RESTAURANT GROUP, INC., and BUENA PARK RESTAURANT GROUP INC.

43. On June 26, 2020, served by Certified U.S. Mail both Plaintiff Gutierrez's request for employment and PAGA Notice on both Defendants' Registered Agents addresses and again re-served Defendants' West Covina restaurant location.

44. On July 24, 2020, per California Labor Code § 226, Plaintiff Sakugawa's request for his employment records was served on both Defendants Registered Agents and Defendants' West Covina restaurant location.

45. On August 27, 2020, Plaintiffs sent a correspondence to Defendants regarding their non-response to both Plaintiff's employment record requests.

46. To date, Plaintiff Gutierrez's request for employment records has been served three times on Defendants' West Covina restaurant location (6/12/20, 6/26/2020, 8/27/2020) and twice to Defendant DOWNEY RESTAURANT GROUP, INC, (6/26/2020, 8/27/2020) and twice to Defendant BUENA PARK RESTAURANT GROUP INC (6/26/2020, 8/27/2020).

47. To date, Plaintiff Sakugawa's request for employment records has been served twice on Defendants' West Covina restaurant location (7/24/2020, 8/27/2020) and twice to Defendant DOWNEY RESTAURANT GROUP, INC,

(7/24/2020, 8/27/2020) and twice to Defendant BUENA PARK RESTAURANT GROUP INC (7/24/2020, 8/27/2020).

48.     On September 11, 2020, Plaintiff Gutierrez and Plaintiff Sakugawa filed an Amended PAGA Notice with the LWDA and served both Defendants. The Notice was amended to add Plaintiff Sakugawa as a second PAGA Representative, but no additional claims were added.

49.     To date, Plaintiffs have not received any response to the various employment record requests and PAGA Notices.

50.     Plaintiffs believe this failure to respond to various legal requests is a part of a systematic pattern of Defendants ignoring California and federal law.

**V.**

**CLASS ALLEGATIONS**

51.     Plaintiffs bring this cause of action on behalf of themselves and on behalf of all persons similarly situated, ("the class") as alleged herein.  This action is brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure section 382, Federal Rule 23, and other applicable law pertaining to class actions.

52.     The proposed class Plaintiffs seek to represent is presently defined as follows:

Proposed Class:

All of Defendants' employees who work or have worked for Defendants in California within the four years prior to the date of the filing of this Complaint through the date of the final disposition of this action.

53.     The proposed subclasses Plaintiffs seek to represent are presently defined as follows:

Meal Period Subclass:

All persons who have worked for Defendants during the Liability Period who are owed unpaid wages for missed meal periods.

Rest Break Subclass:

All persons who have worked for Defendants during the Liability Period who are owed unpaid wages for missed rest breaks.

54.     Plaintiffs are a member of the proposed class and all subclasses.

55.     There is a well-defined community of interest in the litigation and the class is ascertainable.

A.     **Numerosity**: The class is so numerous that individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe, and thereon allege that the class consists of 100 persons or more.

B.     **Common Questions Predominate**:  Common questions of law and fact exist as to all class members, and predominate over any questions that affect

only individual members of the class.  The common questions of law and fact include, but are not limited to:

     i.  What were and are the policies, programs, practices, procedures and protocols of Defendants regarding class members' actual work and tasks, and their job duties irrespective of job titles;

    ii.  Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for class members;

  iii.  Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding lunch breaks for class members;

  iv.  What were and are the policies, programs, practices, procedures and protocols of Defendants regarding furnishing to the class members, upon each payment of wages, itemized statements required by Labor Code section 226;

   v.  Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding furnishing to the class members, upon each payment of wages, itemized statements required by Labor Code section 226;

vi.  Whether Defendants violated Business & Professions Code sections 17200 *et seq.* by their policies, programs, practices, procedures and conduct referred to in this cause of action;

vii.  Whether Defendants obtained voluntarily waivers with consent and full disclosure, and whether a written signed waiver is effective as to all future meal and rest periods;

viii.  The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California class; and,

ix.  Additional common questions of law and fact may develop as the litigation progresses.

C.  **Typicality**: Plaintiffs' claims are typical of the claims of the class. Plaintiffs and other class members sustained losses, injuries and damages arising out of the Defendants' common policies, programs, practices, procedures, and course of conduct referred to in each cause of action and throughout this Complaint, which were applied uniformly to class members as well as Plaintiff. Plaintiffs seek recoveries for the same types of losses, injuries, and damages as were suffered by the other class members as well as Plaintiff.

D.  **Adequacy**: Plaintiffs and their counsel will fairly and adequately protect the interests of the class.  Plaintiffs have no interests that is adverse to the interests of the other class members.

E.     **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Also, because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are treated as class action.  Individual litigation and claims would also present the potential for inconsistent or contradictory results.

F.     **Public Policy Considerations**: Defendants and other employers throughout the state violate wage and hour laws.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are often fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment.

Class actions provide class members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

## VI.

## **CAUSES OF ACTION**

### **First Cause of Action**

**Failure to Pay Minimum Wage**
**(Labor Code §§ 1182.12, 1194, 1197 and 1197.1, IWC Wage Orders, and the Fair Labor Standards Act 29 U.S.C. 201, et seq.)**

56.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

57.     At all relevant times, the Industrial Welfare Commission (IWC) Wage Orders contained in Title 8 of the Code of Regulations ("Wage Orders") applied to Plaintiffs and other class members in their capacity as employees of Defendants.  The Wage Orders and California law provided, among other things, that employees must receive minimum wage earnings for all hours worked.

58.     During the liability period, Defendants have routinely failed to pay Plaintiffs the minimum wage required under California law.

59.     Plaintiffs timecards and pay stubs did not have list his actual regular and overtime hours worked.

60.     Plaintiffs worked unpaid hours for Defendants as a part of systematic pattern of Defendants' failing to pay employees for all hours worked.

61.     Labor Code Section 1194 provides in pertinent part: "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

62.     Labor Code Section 1197 provides that the "minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

63.     Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1 and the applicable Wage Order, Wage Order No. 9, by willfully failing to pay all minimum wages due to Plaintiffs and the class members.

64.     Plaintiffs and the class members seek all actual, consequential and incidental losses and damages, including, unpaid minimum wages, interest thereon, attorneys' fees, and costs.

65.     In addition to the above-amounts, Plaintiffs and the class they seek to represent will seek to recover one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid for any initial

violation that is intentionally committed,  and two hundred fifty dollars ($250) for each subsequent violation for the same specific offense, for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

## Second Cause of Action

### Violations of the Fair Labor Standards Act
### ("FLSA," 29 U.S.C. 201, *et seq.*)

66.     Plaintiffs incorporate all paragraphs of this Complaint as though fully set forth herein.

67.     Plaintiffs are informed and believe, and thereon allege, that Defendants have required collective class members, as part of their employment, to work without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a).  That section provides the following: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

68.     Plaintiffs are informed and believe, and thereon allege that Defendants have required, or require collective class members, as part of their employment, to work without compensation.

69.     Plaintiffs allege that Defendants systematically violates the Fair Labor Standards Act by failing to provide Plaintiffs and other class members with minimum wage for all hours worked.

70.     Defendants' violations of the FLSA were willful and are ongoing.

71.     Plaintiffs proposes to undertake appropriate proceedings to have the collective class members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and given the opportunity to join this action as Plaintiff, pursuant to 29 U.S.C. § 216(b), by filing written consents / joinders with the Court.

72.     Attached hereto as **Exhibit A** is Plaintiff Gutierrez and Plaintiff Sakugawa's signed Consent to Join this Fair Labor Standard Act collective action.

73.     As a result of Defendants' unlawful conduct, Plaintiffs and the collective class members have suffered damages as set forth herein.

74.     As a result of the foregoing, Plaintiffs seek judgment against Defendants on his own behalf, and on behalf of those collective class members similarly situated who file written consents to join in this action, for all unpaid wages owed by Defendants to Plaintiffs and the collective class members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional

equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, *inter alia*, 29 U.S.C. § 216(b).

### Third Cause of Action

**Failure to Provide Meal Periods
(Labor Code §§ 226.7 and 512)**

75.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

76.     Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Order No. 9 at section (11), provided as follows:

> i.     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes
>
> . . .
>
> ii.     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

77.     Labor Code Section 512 states that an "employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" if and when such employees work more than 5 hours in any given workday.  Labor Code Section

512 further requires two 30-minute duty-free meal periods when an employee works more than 10 hours in any given workday.

78.     Labor Code section 226.7 requires payment of one (1) hour of pay in lieu of each meal periods not provided by the employer.

79.     Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide one or more duty-free 30-minute meal periods in violation of Labor Code section 510 and Wage Order No. 9, as required by California law.

80.     By virtue of this unlawful conduct, Plaintiffs and the class members are entitled to compensation as stated above, plus interest, attorneys' fees, costs and other applicable relief.

81.     Throughout the period applicable to this cause of action, Defendants required Plaintiffs and the class members to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission.  Therefore, Plaintiffs and the class members are entitled to be paid as stated in Labor Code section 226.7, plus interest, attorneys' fees, costs and other applicable relief.

82.     On information and belief, Plaintiffs allege that the class members did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through meal periods.  Defendants failed to meet the requirements for lawful on-duty meal periods and/or instituted a course of

conduct that created a working environment in which non-exempt employees were incapable of taking rest and/or meal periods.  As such, non-exempt employees were intimidated or coerced into waiving meal periods, and any written waivers were obtained without full disclosure and are thus involuntarily and without consent.

83.   Plaintiffs and the class they seek to represent request relief as described herein.

## Fourth Cause of Action

### Failure to Provide Rest Breaks
### (Labor Code §§ 226.7 and 512)

84.   Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

85.   Wage Order No. 9, Section 12, requires each employer to provide each of its employees with at least one rest period of 10-minutes rest time for each 4 hours, or major fraction thereof, that each such employee works during each workday.

86.   Labor Code Section 226.7 provides that if an employer fails to provide an employee with a rest period in accordance with Wage Order No. 9, the employer must pay such employee(s) one additional hour of pay at the employee's regular rate of pay for each day that such a rest period was not provided.

87.     By their failure to provide rest periods for every four (4) hours or major fraction thereof worked per workday by non-exempt employees, and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Orders at section (12).

88.     By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants have injured Plaintiffs and class members, and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and members of the Plaintiffs' class.  On information and belief, Plaintiffs allege that Defendants' failure to maintain accurate records was willful.

89.     As a result of the unlawful acts of Defendants, Plaintiffs and the class members they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under the Labor Code and the applicable IWC Wage Orders.

## Fifth Cause of Action

### Failure to Pay All Wages at Termination
### (Labor Code §§ 201- 203)

90.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

91.    Plaintiffs and many of the other class members quit or were discharged from their employment within the statute of limitations period applicable to this cause of action.

92.    Defendants failed to pay said employees, without abatement, all wages (as defined by applicable California law) within the time required by applicable California law.  Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

93.    As of the filing of the Complaint, Defendants failed to timely pay wages due, and Plaintiffs and class members are owed penalties pursuant to Labor Code sections 201, 202, 203.

94.    Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee.  Because employees were never paid the wages to which they were entitled, each employee is entitled to thirty days' wages.

### Sixth Cause of Action

**Failure to Provide Accurate Wage Statements**
**(Labor Code §§ 226(b), 1174, 1175)**

95.    Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

96.     Labor Code section 1174(d) requires that every employee maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate aid to, employees employed" in California.

97.     Wage Order No. 9, Section 7 requires every employer in California to "keep accurate information with respect to each employee including," . . . "[t]ime records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded."

98.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants have failed to maintain accurate records in compliance with Labor Code section 1174 and/or Wage Order No. 9 for Plaintiffs and the class.  Pursuant to Labor Code Section 1174.5, Plaintiffs and the class are entitled to each collect a civil penalty from Defendants in the amount of $500.

99.     Labor Code section 226 requires each employer to furnish accurate itemized wage statements at the time of payment reflecting (1) the gross wages earned, (2) the total hours worked, except for those whose compensation is based solely on a salary and who is exempt, (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the dates of the period for which the

employee is paid, (7) the name of the employee and last four digits of the employee's social security number or identification number, (8) the name and address of the legal entity that is the employer , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee beginning July 1, 2013.

100.   Throughout the period applicable to this cause of action, Defendants intentionally failed to furnish to Plaintiffs and the class members, upon each payment of wages, itemized statements accurately showing, among other matters: total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

101.   Plaintiffs and the class members were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid, even though they were so entitled, and because the failures hindered them from determining the amounts of wages owed to them.

102.   Plaintiffs and the class members are entitled to the amounts provided for in Labor Code section 226(e), which provides for each employee to recover from Defendants fifty dollars ($50) for the initial pay period in which a violation occurred, and one-hundred dollars ($100) per class member for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per class member.

103.   Plaintiffs and the class members are entitled to an award of attorney fees plus costs.

### Seventh Cause of Action

**Violation of Unfair Competition Law**
**(Bus. and Prof. Code § 17200 *et seq.*)**

104.   Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

105.   Plaintiffs bring this action on behalf of themselves and each and all members of the general public, including the class, pursuant to Business and Professions Code sections 17200 *et seq.* Defendants' conduct alleged above constitutes unlawful business acts and practices in violation of Business & Professions Code sections 17200 *et seq.* Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia,* each of the following laws, Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802, and applicable Wage Orders, including Wage Order No. 9.

106.   Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.  The harm to Plaintiffs and the class members in being wrongfully

denied lawfully earned wages outweighs the utility, if any, of Defendants' policies

or practices and, therefore, Defendants' actions described herein constitute an

unfair business practice or act within the meaning of the UCL.

107.   The unlawful and unfair business practices and acts of Defendants,

and each of them, described above, have injured the class members in that they

were wrongfully denied the payment of earned wages.

108.   Plaintiff, on behalf of themselves and the class, seek restitution in the

amount of the respective unpaid wages earned and due at a rate not less than one

and one-half times the regular rate of pay for work performed in excess of forty

hours in a work week, or eight hours in a day, and double the regular rate of pay

for work performed in excess of twelve hours per day and such other legal and

equitable relief from Defendants' unlawful and willful conduct as the Court

deems just and proper.

109.   Pursuant to Business and Professions Code sections 17200 *et seq.*,

for the statute of limitations period covered by this cause of action, Plaintiffs and

class members are entitled to restitution for at least the following: the unpaid

wages withheld and retained by Defendants referred to above.

110.   Plaintiff, the class members, and the general public are also entitled

to permanent injunctive and declaratory relief prohibiting Defendants from

engaging in the violations and other misconduct referred to above.

111.   Defendants are also liable to pay attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable law, and costs.  The Plaintiff, on behalf of themselves and all class members, also seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

## Eight Cause of Action

### Violation of Labor Code Section 2699
### (California Private Attorney General Act ("PAGA"))

112.   Plaintiffs, on behalf of themselves and other aggrieved employees, incorporates all previous paragraphs of this Complaint as though fully set forth herein.

113.   Plaintiff Gutierrez filed a Private Attorney General Act ("PAGA") complaint online with the California's Labor and Workforce Development Agency (LWDA) on June 16, 2020, and served Defendants DOWNEY RESTAURANT GROUP, INC., and BUENA PARK RESTAURANT GROUP INC., on June 26, 2020, by Certified U.S. Mail as prescribed by the Labor Code.

114.   On September 11, 2020, Plaintiff Gutierrez and Plaintiff Sakugawa filed an Amended PAGA Notice with the LWDA and again served on both Defendants.  The Notice was amended to add Plaintiff Sakugawa as a second PAGA Representative.

115.   California IWC Wage Order 4-2001 requires an employer to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

116.   Defendants failed to pay Plaintiffs and other aggrieve employees at least minimum wage for all hours worked in violation of Labor Code sections 1194 and 1197.

117.   During the liability period, Defendants have routinely failed to pay Plaintiffs the minimum wage required under California law.

118.   Plaintiffs, by virtue of their employment with Defendants are aggrieved employees with standing to bring an action under the PAGA.  Plaintiffs have satisfied all prerequisites to serve as a representative of the general public to enforce California's labor laws, including, without limitation, the penalty provisions identified in Labor Code section 2699.5.

119.   Since the LWDA took no steps within the time period required to intervene and because Defendants took no corrective action to remedy the allegations set forth above, Plaintiffs as representatives of the people of the State of California, seek any and all penalties otherwise capable of being collected by the Labor Commission and/or the Department of Labor Standards Enforcement ("DLSE").  This includes each of the following, as set forth in Labor Code

Section 2699.5, which provides that Section 2699.3(a) applies to any alleged violation of the following provisions: Sections 558, 1194, 1197, 1197.1, and 1199.

120.   Labor Code section 2699 provides for civil penalties of $100 per employee per pay period for the initial violation and $200 per employee per pay period for each subsequent violation.

121.   Plaintiffs, as representatives of the general public, seek to recover any and all penalties for each and every violation shown to exist or to have occurred during the one year period before Plaintiff Gutierrez filed Notice with the LWDA of his intent to bring this action, in an amount according to proof, as to those penalties that are otherwise only available to public agency enforcement actions.  Funds recovered will be distributed in accordance with the PAGA, with at least 75% of the penalties recovered being reimbursed to the State of California and the LWDA.

122.   As a result of the acts alleged above, Plaintiff Gutierrez and the class they seek to represent seek penalties under Labor Code §§ 201-203, 212, 226, 226.7, 510, 1182.12, 1194, 1197, and 1197.1.

123.   Plaintiffs, as representatives of the general public, seek to recover reasonable attorney's fees and costs under the PAGA, Labor Code section 2699(g)(1).

124.    WHEREFORE, Plaintiffs and the class they seek to represent request relief as described herein and below, and as the Court may deem proper.

## VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and all members of the class, pray for relief as follows:

1.    That the Court determine that this action may be maintained as a class action;

2.    That Plaintiff Gutierrez be appointed as a representative of the proposed class and subclasses;

3.    That Plaintiff Sakugawa be appointed as a representative of the proposed class and subclasses;

4.    That the attorneys of record for Plaintiffs whose names appear in this Complaint be appointed class counsel;

5.    For civil penalties pursuant to Labor Code Sections 226(e), 226.8(b), 226.8(c), 1174.5, and 1197.1;

6.    For compensatory damages representing the amount of unpaid wages owed to Plaintiffs and the class members;

7.    For compensatory damages pursuant to Labor Code Section 226.7 for missed meal and rest breaks;

8.      For compensatory damages pursuant to Labor Code Section 2802;

9.      For reasonable attorneys' fees and costs pursuant to Labor Code Sections 226(e), 1194, and 2802(c);

10.     For such general and special damages as may be appropriate;

11.     For liquidated damages as authorized pursuant to Labor Code Sections 1194.2;

12.     For waiting time penalties and civil penalties for all class members no longer in Defendants' employ at the time of Judgment;

13.     For pre-judgment interest;

14.     For restitution as described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

15.     For permanent injunctive and declaratory relief described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

16.     A declaratory judgment that the practices complained of herein are unlawful under California state law;

17.     Attorney's fees and costs of suit, including expert fees pursuant to California Labor Code §§218.5, 1194, and Code Civ. Proc. §1021.5; and

18.     Such other injunctive and equitable relief as the Court may deem proper.

1 | **DATED:** September 12, 2020

NUNES WORKER RIGHTS LAW, APC

*Tony Nunes*

By: Anthony J. Nunes, Esq.
Attorneys for Plaintiffs, JESUS
GUTIERREZ, and KOJI SAKUGAWA on
behalf of themselves and all others similarly
situated